**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| OPERATIONS MANAGEMENT INTERNATIONAL, INC., D/B/A CH2M HILL OMI, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:10-CV-1531-RWS |
| v. | : : | |
| FULTON COUNTY, GEORGIA, by and through its duly appointed/elected BOARD OF COMMISSIONERS (JOHN H. EAVES, PH.D, ROBB PITTS, LYNNE RILEY, TOM LOWE, EMMA I. DARNELL, NANCY A. BOXILL, and WILLIAM EDWARDS), its COUNTY MANAGER (ZACHARY WILLIAMS) and its DIRECTOR OF PUBLIC WORKS (ANGELA PARKER), | : : : : : : : : : : : : : : : | |
| Defendants, | : : | |
| and VEOLIA WATER NORTH AMERICA - SOUTH, LLC, | : : : | |
| Intervenor. | : : | |

**ORDER**

This case comes before the Court on Plaintiff's Motion for Temporary

Restraining Order or Other Appropriate Order to Extend Deadline in May 26, 2010 Order ("Plaintiff's Motion for TRO") [26] and Plaintiff's Amended Motion for Temporary Restraining Order ("Plaintiff's Amended Motion for TRO") [40].  After holding a hearing on this matter and considering the record, the Court enters the following Order.

As a preliminary matter, Plaintiff's Motion for TRO is superseded by Plaintiff's Amended Motion for TRO.  Plaintiff's Motion for TRO [26] is **DENIED, as moot**.

## Background

Fulton County, Georgia, issued a request for proposal ("RFP") in September 2009 for operation and maintenance services of its wastewater management system.  Plaintiff ("OMI") was one of three contractors to submit a proposal, the other two being Intervenor Veolia Water North America - South, LLC ("Veolia") and Fulton Clean Water Partners ("FCWP").  The RFP required that contractors submit pricing for a specific scope of work.  Each "Proposer [was] required to complete the Cost Proposal Forms provided . . ."  OMI submitted a price of $10,651,604.00 per year for the five year contract and Veolia submitted a proposal of $12,851,648.00 per year for the five year contract.

On March 25, 2010, the Fulton County Purchasing Department contacted Veolia seeking clarification of its financial information.  The Fulton County Vendor Selection Committee scored the proposals: Veolia - 83.6; FCWP - 81.7; OMI - 80.6.  OMI alleges that there was at least one error in the way that OMI's proposal was evaluated, the correction of which would have led to a higher score of its proposal.  On March 30, 2010, the Vendor Selection Committee recommended awarding the contract to Veolia in a memorandum to the County Manager.  By April 14, the Fulton County Department of Public Works requested the Fulton County Board of Commissioners approve Veolia's proposal and award the contract at its April 21, 2010 meeting.

On April 19, the Fulton County Purchasing Department contacted Veolia to "examine [its] submitted pricing for the Proposal" and "to make an adjustment in [Veolia's] pricing."  On April 20, the Public Works Department issued another memorandum to the Board of Commissioners through the County Manager which stated that there was a "change in the recommended vendor's proposed costs" and that "the County negotiated with the recommended vendor" to obtain pricing of $11,117,177.00 per year for the contract. On April 21, 2010, the Fulton County Commission approved the award of the contract to Veolia.

3

Pursuant to a Consent Order entered by the Court on May 26, 2010, the parties agreed to maintain the status quo until July 2, 2010, while the parties participated in a Fulton County administrative procurement protest.  The Hearing Officer initially indicated that a decision would be reached by June 28, 2010, but due to some additional briefing by the parties, the decision will be delayed.  Plaintiff has sought a Temporary Restraining Order to preserve the status quo until July 7, 2010.

## Discussion

It is settled law in this Circuit that a temporary restraining order is an "extraordinary and drastic remedy[.]"  Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).  To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002).  Based on the arguments made at the hearing, a review of the record, and the parties' briefs, the Court concludes that Plaintiff

4

AO 72A
(Rev.8/82)

has failed to make such a showing here, and a temporary restraining order will not be issued.

Plaintiff alleges that Fulton County violated Georgia law and the Fulton County Code when it contacted Veolia to conduct discussions or negotiations with Veolia outside of the formal RFP process. However, Plaintiff has not demonstrated a "*substantial* likelihood of success on the merits." It does appear that Fulton County contacted Veolia to negotiate a lower priced proposal. However, this appears to have occurred after Fulton County had already scored the original proposals. Veolia had achieved the highest score of the three bidders even with the higher priced bid. While OMI alleges that a mistake conducted in the scoring of its proposal lowered its score, it does not allege that a correction of this mistake would have resulted in a higher score than the second highest scoring proposal of FCWP or the highest scoring proposal of Veolia. It appears that the Fulton County Purchasing Department had already determined that it would recommend that Veolia be awarded the contract before any subsequent negotiations occurred between the County and Veolia.

Failing to demonstrate a substantial likelihood of success in showing that Fulton County acted outside the scope of its authority in awarding the contract,

5

the Court cannot grant a temporary restraining order.  Plaintiff's Amended Motion for TRO [40] is **DENIED**.

## Conclusion

Plaintiff's Motion for TRO [26] is **DENIED, as moot**, and Plaintiff's Amended Motion for TRO [40] is **DENIED**.

**SO ORDERED**, this   2nd   day of July, 2010.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)